IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS PAUL WYNN,

    Petitioner,                        No. CIV S-09-2728 JAM DAD P

    vs.

M. MARTEL, et al.,

    Respondents.                     FINDINGS AND RECOMMENDATIONS

/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the March 22, 2007 decision by the California Board of Parole Hearings (hereinafter "Board") finding petitioner unsuitable for parole. On June 25, 2010, the undersigned ordered respondent to file and serve a response to the petition. On August 23, 2010, respondent Warden Martel filed the pending motion to dismiss, arguing that petitioner's federal habeas application is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed an opposition to the motion.

## BACKGROUND

        The relevant procedural history is as follows. On March 22, 2007, the Board conducted a parole hearing and found petitioner unsuitable for release on parole. The decision

became final on July 20, 2007.  (Resp't's Mot. to Dismiss (MTD), Ex. 1, Board Decision at 9; Doc. No. 12-1 at 108.)

        Petitioner filed three post-conviction collateral challenges in the state courts to the Board's decision.  Applying the mailbox rule[1], on December 5, 2007, petitioner filed a petition for a writ of habeas corpus in the Ventura County Superior Court.  (MTD, Ex. 2; Doc. No. 12-2 at 64.)  On April 21, 2008, the Superior Court denied that petition.  (Id. ; Doc. No. 12-2 at 2.)  On June 25, 2008, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Second Appellate District.  (MTD, Ex. 3; Doc. No. 12-7 at 38.)  On July 29, 2008, that petition was denied.  (Id.; Doc. No. 12-7 at 2.)  On November 24, 2008, petitioner filed a petition for habeas corpus in the California Supreme Court.  (MTD, Ex. 4; Doc. No. 12-12 at 63.)  On June 10, 2009, the California Supreme Court denied that petition.  (Id.; Doc. No. 12-12 at 2.)

        On September 28, 2009, petitioner signed his federal petition for a writ of habeas corpus and it was received by this court on October 1, 2009.  (Doc. No. 4 at 7).

## RESPONDENT'S MOTION TO DISMISS

        Respondent moves to dismiss the pending habeas petition, arguing that it is time-barred.  Specifically, respondent argues that the Board's decision to deny petitioner parole became final on July 20, 2007, and petitioner had one-year thereafter in which to file a federal habeas petition challenging that decision.

        Respondent acknowledges that the proper filing of a state post-conviction application presenting the pertinent claims tolls the statute of limitations period.  However, respondent contends that petitioner waited 150 days, from July 21, 2007 to December 17, 2007,

/////

/////

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010).  The court has applied the mailbox rule to determine the filing date for each of petitioner's state habeas petitions.  In doing so, the court presumes that the date petitioner signed each petition is the date petitioner handed the petition to prison officials for mailing.

before filing his habeas petition with the Ventura County Superior Court.[2] Respondent also notes that after the Superior Court denied the fiirst petition, petitioner waited another 91 days, from April 21, 2008 to July 21, 2008, before filing his next application for habeas relief with the California Court of Appeal. According to respondent, after that petition was denied, petitioner took another 125 days (from July 29, 2008 to December 1, 2008) before he filed his next habeas petition with the California Supreme Court. Finally, respondent notes that after the California Supreme Court denied that petition on June 10, 2009, petitioner did not file his federal habeas petition until October 1, 2009, after another 113-days had lapsed. Respondent argues that these unexplained and unreasonable delays between the decisions denying habeas relief by the state courts at each level and the filing of a petition with the next highest court do not entitle petitioner to statutory tolling of the AEDPA statute of limitations during those intervals. Accordingly, respondent argues, by the time petitioner filed his federal habeas petition, a total of 479 days (150 + 91 + 125 + 113 days) had run on the one-year statute of limitations. Thus, according to respondent, the pending petition was untimely by 114 days.

**PETITIONER'S OPPOSITION**

Petitioner asserts that his state habeas petitions were timely filed because none of those petitions were deemed untimely by the state courts. (Opp'n (Doc. No. 13) at 3.) Petitioner also notes that there is no bright-line rule under California law about what is an unreasonable delay between petitions filed in the next higher court following a denial of relief. (Id.) However, petitioner argues, there is a presumption that a sixty to ninety day interval between the denial of a petition by a state court and filing of a petition in the next highest state court is not unreasonable. (Id.) Furthermore, petitioner contends that he should be entitled to equitable tolling of the AEDPA statute of limitations from the date he filed his very first state habeas petition with the Ventura County Superior Court until the date his federal petition was filed in this court. (Id. at

---

[2] Respondent has not applied the mailbox rule in any of his calculations with respect to the running of the statute of limitations.

3

5.) Petitioner concludes that even with "a reasonable amount of equitable tolling between intervals" his federal petition was filed "well within his AEDPA limitations period." (Id.)

### STATUTE OF LIMITATIONS UNDER THE AEDPA

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions. Title 28 U.S.C. § 2244 provides as follows:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute of limitations with respect to federal habeas petitions challenging parole suitability determinations is, pursuant to § 2244(d)(1)(D), the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.  See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003).  "Courts ordinarily deem

the factual predicate to have been discovered the day the decision becomes final, i.e., 120 days after the Board finds a petitioner not suitable for parole." Wilson v. Sisto, No. Civ. S-07-0733 MCE EFB P, 2008 WL 4218487, at *2 (E.D. Cal. Sept. 5, 2008) (citing Nelson v. Clark, No. 1:08-cv-00114 OWW SMS HC, 2008 WL 2509509, at *4 (E.D. Cal. June 23, 2009)). See also Stotts v. Sisto, No. CIV. S-08-1178-MCE-CMK P, 2009 WL 2591029, at *4 (E.D. Cal. Aug. 20, 2009); Van Houton v. Davison, No. CV 07-05256 AG (AN), 2009 WL 811596, at *9 (C.D. Cal. March 26, 2009); Woods v. Salazar, No. CV 07-7197 GW (CW), 2009 WL 2246237, at *5 & n.9 (C.D. Cal. Mar. 23, 2009) (citing cases); Perez v. Sisto, No. Civ. S-07-0544 LKK DAD P, 2007 WL 3046006, at *4 (E.D. Cal. Oct.18, 2007); Cal. Code Regs., tit. 15, § 2041(h) (Board decisions are final 120 days after the hearing); Cal. Penal Code § 3041(b) (same). Contra McGuire v. Mendoza-Powers, No. 1:07-CV-00086 OWW GSA HC, 2008 WL 1704089, at *10 (E.D. Cal. April 10, 2008) (deeming factual predicate to have been discovered on the date of the Board decision). Following the majority of district courts to have considered this issue, the undersigned concludes that the factual predicate of petitioner's habeas claims was "discovered" when the Board's decision denying him parole became final on July 20, 2007. The one-year statute of limitations for the filing of a federal habeas petition attacking that decision therefore began to run on July 21, 2007 and, absent tolling, expired one year later on July 20, 2008.

        The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In reviewing habeas petitions from California, the Ninth Circuit formerly employed a rule that where California courts did not explicitly dismiss a habeas petition for lack of timeliness, the petition was presumed timely. However, the Supreme Court rejected that approach and now requires the lower federal courts to determine whether a state habeas petition was filed within what California would consider a reasonable period of time. Chavis, 546 U.S. 189. When a state post-conviction petition is determined to be untimely by a state court, that is the end of the matter for purposes of § 2244(d)(2). Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408 [, 414], 125 S. Ct. 1807, 1812 (2005)). See also Carey, 536 U.S. at 226. However, in the absence of a clear indication that petitioner's state habeas petitions were denied as untimely, this court is now charged with the duty of independently determining whether petitioner filed his state habeas petitions within what California courts would consider a reasonable time. Chavis, 546 U.S. at 198.

**ANALYSIS**

As noted, petitioner filed three up-the-ladder habeas petitions in California courts challenging the Board's 2007 decision to deny him parole. Respondent does not dispute that petitioner is entitled to statutory tolling of the AEDPA's one-year statute of limitations for the periods during which his applications for habeas relief were properly pending before the Ventura County Superior Court, California Court of Appeal and California Supreme Court. The parties also do not dispute that the statute of limitations ran after the decision to deny parole became final, until petitioner filed his first state habeas petition. Applying the mailbox rule and Fed. R. Civ. P. 6(a), the court concludes that the AEDPA statute of limitations for the filing of a federal habeas petition ran in this case for 137 days, from the day after the judgement became final to the day petitioner signed the petition he filed in the Ventura County Superior Court, i.e. July 21, 2007 to December 5, 2007. See Nino, 183 F.3d at 1006; Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the

/////

calculation of statutory tolling periods with respect to the one year limitations period under AEDPA).

However, petitioner's argument that he is entitled to statutory and/or equitable tolling for the period of time following the California Supreme Court denial of habeas relief to the date his federal habeas petition was filed, is without merit. Statutory tolling of the AEDPA statute of limitations is not available when no habeas petition is pending in state court. See Roy v. Lampert, 465 F.3d 964, 968 (9th Cir. 2006) ("The statute of limitations period is also not tolled after state post-conviction proceedings are final and before federal habeas proceedings are initiated."); Nino, 183 F.3d at 1006. In addition, petitioner has failed to provide any argument in support of his claimed entitlement to equitable tolling. Thus, the statute of limitations for the filing of a federal petition in this case ran 109 days from the day after the California Supreme Court denied habeas relief to the day petitioner signed his federal habeas petition, i.e. June 11, 2009 to September 28, 2009. Based on the time that ran before petitioner first sought state habeas relief and the time that ran after the California Supreme Court denied relief before petitioner filed his application for federal habeas relief with this court, petitioner used 246 days (137 + 109 days) of the one-year AEDPA statute of limitations.

In dispute is whether petitioner is entitled to interval tolling for two time periods: (1) the period between the Ventura County Superior Court's denial of relief and petitioner's filing of a habeas petition with the California Court of Appeal, and (2) the period between the California Court of Appeal's denial of habeas relief to petitioner's filing of a habeas petition with the California Supreme Court. The first time interval in question is 64 days, beginning the day after the Ventura Superior Court denied petitioner's habeas petition (April 22, 2008), to the day petitioner signed the petition that was filed with the California Court of Appeal (June 25, 2008). The second time interval in question is 117 days, beginning the day after the California Court of Appeal's denied relief (July 30, 2008), to the day petitioner signed the habeas petition he filed with the California Supreme Court (November 24, 2008).

This court concludes that the first 64 day time period is subject to statutory tolling. In reaching this conclusion, the court has taken into account the following. In <u>Evans v. Chavis</u> the U.S. Supreme Court acknowledged that in California, a state prisoner may seek review of an adverse lower court decision by filing a habeas petition in a higher court, and that such a petition is timely if it is filed within a "'reasonable time.'" 546 U.S. at 192-93. <u>See</u> also <u>Walker v. Martin</u>, ___U.S.___, ___, 2011 WL 611627, at *4 (Feb. 23, 2011) ("California courts 'apply a general "reasonableness" standard' to judge whether a habeas petition is timely filed."); <u>In re Crockett</u>, 159 Cal. App. 4th 751, 757 (2008) ("A petitioner seeking relief on habeas corpus need only file a petition without substantial delay, or if delayed, adequately explain the delay.") In deciding in <u>Chavis</u> whether the three-year interval between the California Court of Appeal's denial of relief and the filing of a habeas petition with the California Supreme Court in that case was reasonable, the Supreme Court concluded that in "viewing every disputed issue most favorably to Chavis, there remains a totally unexplained, hence unjustified, delay of at least six months." 546 U.S. at 201. In that context, the Supreme Court stated as follows:

> Six months is far longer than the "short period[s] of time," 30 to 60 days, that most States provide for filing an appeal to the state supreme court. <u>Saffold</u>, <u>supra</u>, at 219, 122 S. Ct. 2134. It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court, <u>see</u> Cal. App. Ct. Rule 28(e)(1) (2004). We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay "reasonable." Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in <u>Saffold</u>.

<u>Id.</u> Thus, "<u>Evans</u> made clear that an unexplained delay of six months between the denial of one California state court and a new filing in a higher California court was too long to permit tolling of the federal limitations period on the ground that state court proceedings were 'pending.'" <u>Waldrip v. Hall</u>, 548 F.3d 29, 735 (9th Cir. 2008). However, "whether an unexcused delay, of greater than 30 to 60 days but less than six months, in filing a California state habeas petition would be considered 'reasonable' by the California court has been left to the lower federal courts

8

to determine on habeas review." Sigmon v. Kernan, No. CV 06-5807 AHM (JWJ), 2009 WL 1514700 at *5 (C.D. Cal. May 27, 2009).[3]

The Supreme Court's acknowledgment that such a determination may be difficult is well supported.[4] As the Ninth Circuit has noted:

> California's timeliness rule bars habeas petitions that are filed after 'substantial delay.' A habeas petitioner in California must justify any "significant" or "substantial" delay in seeking habeas corpus relief. Clark, 21 Cal. Rptr. 2d 509, 855 P.2d at 738, 750-51. There are no standards for determining what period of time or factors constitute "substantial delay" in noncapital cases. There are also no standards for determining what factors justify any particular length of delay.
>
> ***
>
> Clark did nothing to clarify the application of the basic "substantial delay" standard with regard to noncapital cases. Furthermore, the

---

[3] One district court has determined that the following two-step analysis should be used to determine if a California petition is timely filed and entitled to gap tolling: "First, when the delay is between sixty days and six months, the court should ask whether an unexcused delay of the given duration is reasonable under California law. Second, if the court concludes that the delay is unreasonable, then the federal court must go on to decide whether the petitioner has a good excuse for the delay." Gutierrez v. Dexter, No. CV 07-00122-MMM (MLG), 2008 WL 4822867 at *6 (C.D. Cal. Oct. 30, 2008). See also Sigmon v. Kernan, No. CV 06-5807 AHM (JWJ), 2009 WL 1514700 at *5 (C.D. Cal. May 27, 2009).

[4] In what can fairly be characterized as a profound understatement, the Supreme Court recognized that "[g]iven the uncertain scope of California's 'reasonable time' standard, it may not be easy for the [lower federal courts] to decide in each such case whether the petitioner's state-court review petition was timely." Chavis, 546 U.S. at 199. In Bonner v. Carey, the Ninth Circuit noted that it was ironic that the complicated procedure necessitated under the Supreme Court's decision in Pace v. DiGuglielmo, 544 U.S. 408 (2005) derives from the AEDPA a statute purportedly designed to streamline and simplify the complicated habeas process. 425 F.3d 1145, 1149 n.20 (9th Cir. 2005). As this court has noted before, the same observation is applicable to the case-by-case analysis that federal courts in California must now engage in under Evans v. Chavis to determine whether state habeas petitions were filed within what California courts would have deemed to be a "reasonable time" had they elected to consider the issue. See Thomas v. Scribner, No. CIV S-04-0733 MCE DAD P, 2006 WL 2711667, *6, n.14 (E.D. Cal. Sept. 21, 2006). All the while it becomes more clear that the most simple and streamlined procedure to address the vast majority of federal habeas petitions would be to address the merits. Indeed, in the undersigned's experience, that is in fact what the California Court of Appeals and California Supreme Court elect to do in resolving the vast majority of state habeas petitions which come before those courts. See Walker v. Martin, ___U.S.___, ___, 2011 WL 611627, at *9 (Feb. 23, 2011) (endorsing the notion that sound procedure in this area allows States to excuse compliance with strict rules).

1  Clark exceptions, specifying when review can be granted despite
   "substantial delay," do nothing to clarify the "substantial delay"
2  standard itself.

3  King v. LaMarque, 464 F.3d 963, 966 (9th Cir. 2006).

4　　　　　More recently, the Ninth Circuit has held that unexplained delays of 101, 115 and

5  146 days by California prisoners in seeking state habeas relief from the next highest state court is

6  unreasonable for purposes of statutory tolling of the AEDPA statute of limitations. Chaffer v.

7  Prosper, 592 F.3d 1046, 1048 & n.1 (9th Cir. 2010) (noting that the California Supreme Court

8  denied certification of the question when the Ninth Circuit sought guidance on the issue under

9  California law); Banjo v. Ayers, 614 F.3d 964, 970 (9th Cir. 2010).  Although devoid of analysis

10 of California law with respect to that State's indeterminate timeliness rule, this court is bound by

11 these decisions.[5]

12 /////

13

---

14　　[5] Prior to these recent Ninth Circuit decisions no consensus has emerged among district courts in California as to the length of unexplained delay which is unreasonable in the wake of
15 the decision in Chavis.  Osumi v. Giurbino, 445 F. Supp. 2d 1152, 1158-59 (C.D. Cal. 2006) (96 and 98-day unexplained intervals between decision and filing of the next petition were not
16 unreasonable); Reddick v. Felker, No. Civ S-07-1147 JAM KJM P, 2008 WL 4754812, *3 (E.D. Cal. Oct. 29, 2008) (64-day delay is not unreasonable and is subject to statutory tolling); Payne v.
17 Davis, No. C 06-5310 SBA (PR), 2008 WL 941969, *4 (N.D. Cal. Mar. 31, 2008) (63-day delay "well-within" the reasonable delay contemplated in Evans); Terrell v. Woodford, No. CIV S-07-
18 0784 LKK EFB P, 2008 WL 508490, *6 (E.D. Cal. Feb. 22, 2008) (68-day interval found reasonable); Skoor v. Tilton, No. CIV 06-1601, 2008 WL 152144, *19 (S.D. Cal. Jan. 16, 2008)
19 (six-month delay neither unjustified nor unreasonable under Chavis); Stowers v. Evans, No. CIV S-05-2067 MCE GGH P, 2006 WL 829140, *2-3 (E.D. Cal. Mar. 29, 2006) (87-day interval
20 between denial and subsequent filing not unreasonable); Lor v. Kramer, No. CV F-05-1556 AWI SMS HC, 2007 WL 1723300, *1 (E.D. Cal. June 13, 2007) (140-day interval found unreasonable
21 but suggesting 88-day passage of time between denial and filing of the next petition was not unreasonable); Rodriguez v. Scribner, No. CV F-04-5530 DLB HC, 2006 WL 3762117, *5
22 (E.D. Cal. Dec. 20, 2006) (tolling 60 days of a 235-day delay in proceeding between levels of state habeas review because "the California Supreme Court would no doubt have found [it]
23 reasonable"); but see Sigmon v. Kernan, No. CV 06-5807 AHM (JWJ), 2009 WL 1514700 at *5 (C.D. Cal. May 27, 2009) (unexplained 123-day delay would be found unreasonable by
24 California courts); Forrister v. Woodford, No. CV F-05-00170 LJO WMW HC, 2007 WL 809991, *3 (E.D. Cal. Mar. 15, 2007) (88 day gap found unreasonable); Culver v. Director of
25 Corrections, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (71 and 97-day periods found unreasonable).  This is not surprising in light of the uncertain scope of California's "reasonable
26 time" standard.

Here, the 64-day period between the Ventura County Superior Court's denial of habeas relief and the filing of a habeas petition with the California Court of Appeal, is far less than the six month period of unexplained delay that the Supreme Court in Evans found to be unreasonable. It is also considerably less than the unexplained delays of 101, 115 and 146 days found by the Ninth Circuit to be unreasonable in Chaffer and Banjo. Furthermore, a mere 64-day delay in filing at the next highest state court is not "substantially longer than the 30 to 60 days that most States allow for filing petitions[.]" Chaffer, 592 F.3d at 1048 (internal quotation marks omitted). Finally, as noted above, district courts in California have generally found that even unexplained delays of 61 to 70 days in pursuing relief between courts are not unreasonable. See n.15, supra. Therefore, the court concludes that petitioner is entitled to statutory tolling of the AEDPA statute of limitations for the 64-day interval between the Ventura County Superior Court's denial of habeas relief and the filing of his petition with the California Court of Appeal.

Because this first disputed interval period is subject to statutory tolling, the court concludes that petitioner's federal habeas petition was filed within the statute of limitations because further tolling of the statute of limitations is not required to render the federal petition timely. As noted above, only 246-days of the one-year statute of limitations had expired, leaving 119-days. Even if the 117-day second disputed interval period was not subject to statutory tolling, that period did not exceed the 119-days remaining under the statute of limitations. Accordingly, petitioner's federal habeas petition was timely filed and the motion to dismiss should be denied.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's August 23, 2010 motion to dismiss the habeas petition as untimely (Doc. No. 12) be denied; and

2. Respondent be ordered to file an answer.

/////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).[6]

DATED: March 9, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
wynn2728.mtd

---

[6] As indicated at the outset, through this action petitioner challenges the 2007 decision of the Board to deny him parole.  Petitioner raises several grounds for relief, including a claim that his due process rights were violated because the Board's decision was not supported by some evidence of his then-current dangerousness.  On January 19, 2011, the United States Supreme Court held that although California's parole scheme gives rise to a liberty interest, the "some evidence" standard applicable under that scheme is not a substantive federal due process requirement.  Swarthout v. Cooke, ___U.S.___, 131 S. Ct. 859, 862 (2011) (per curiam).  Rather, in cases such as this the inquiry on federal habeas is limited to determining whether the "minimal" procedural requirements of an opportunity to be heard, access to one's record in advance and a statement of the reasons why parole was denied were met.  Swarthout, 131 S. Ct. at 862-63.  Therefore, under the recent holding in Swarthout, it is unlikely that petitioner can prevail with respect to his due process claims.