1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS PAUL WYNN,

11              Petitioner,                    No. CIV S-09-2728 JAM DAD P

12        vs.

13   M. MARTEL,

14              Respondent.              FINDINGS & RECOMMENDATIONS

15   _____/

16              Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Petitioner raises due process and equal protection

18   challenges to the decision of the California Board of Parole Hearings (hereinafter "Board") to

19   deny him parole at his parole consideration hearing held on March 22, 2007.  The matter has

20   been fully briefed by the parties and is now submitted for decision.  Upon careful consideration

21   of the record and the applicable law, the undersigned will recommend that petitioner's

22   application for habeas corpus relief be denied.

23   I.  Procedural Background

24              Petitioner is confined pursuant to a 1987 judgment of conviction entered against

25   him in the Ventura County Superior Court following his conviction on a second degree murder

26   /////

charge. (Doc. 4 at 2.)[1]  Pursuant to that conviction, petitioner was sentenced to fifteen years to life in state prison. (Id.)

The parole consideration hearing that is placed at issue by the instant federal habeas petition was held on March 22, 2007. (Doc. 18-1). Petitioner appeared at and participated in that hearing. (Id. at 4-99.)  Following deliberations held at the conclusion of the hearing, the Board panel announced their decision to deny petitioner parole for five years as well as the reasons for that decision. (Id. at 100-08.)

Petitioner first challenged the Board's 2007 decision denying him parole in a petition for writ of habeas corpus filed in the Ventura County Superior Court. (Doc. 18-2 at 4.) That court denied the petition in a decision on the merits of petitioner's claims. (Id. at 2.) Petitioner subsequently challenged the Board's 2007 decision in a petition for writ of habeas corpus filed in the California Court of Appeal for the Second Appellate District. (Doc. 18-6 at 3.)  The California Court of Appeal summarily denied that petition. (Id. at 2.)  Petitioner subsequently filed a petition for writ of habeas corpus in the California Supreme Court. (Doc. No. 18-7 at 3.)  That petition was also summarily denied. (Id. at 2.)

On August 13, 2009, petitioner filed his federal application for habeas relief in this court. Therein, petitioner contends that: (1) the Board in 2007 improperly found him unsuitable for parole based on factors which are "unchanging and based on commitment offense alone;" (2) the Board's decision was not "individualized" and was based on factors "previously ruled unconstitutional;" (3) the Board's "overly-restrictive parole policy" was based on a misinterpretation of state law and violates petitioner's right to equal protection and due process; (4) The Board improperly failed to consider "mitigating culpability factors;" (5) the Board violated petitioner's right to due process "when it had evidence of Intimate Partner Battery Syndrome and its effects, but failed to give individualized consideration of these facts, because

---

[1] The court's citations to the record refer to the electronic numbering system on all documents filed electronically with the court.

1   petitioner was male;" and (6) the Board violated his right to equal protection when it failed to

2   find him suitable for parole, where it would have found a female victim of domestic violence

3   suitable for parole under the same circumstances.  (Doc. No. 4 at 5-6.)

4           In a memorandum of points and authorities attached to the petition, petitioner

5   argues that the Board's suitability decision was based on "arbitrary and capricious reasoning."

6   (Doc. No. 1 at 2-57.)  Petitioner claims that the Board found him unsuitable for parole based on

7   unchanging factors, such as the nature of the commitment offense, even though he had complied

8   with all of the requirements imposed by the Board at previous suitability hearings.  (Id.)

9   Petitioner argues that numerous factors indicate he is suitable for release on parole, including

10  recent psychological evaluations.  (Id.)  He argues that the Board ignored evidence he had a

11  "psychotic break" that rendered him incapable of standing trial at the time of the offense, and that

12  he was the victim of "Intimate Partner Battery Syndrome" by his victim.  (Id. at 53.)  Virtually all

13  of petitioner's arguments constitute attacks on the sufficiency of the evidence relied upon by the

14  Board in finding him unsuitable for parole.

15  II.  Standards of Review Applicable to Habeas Corpus Claims

16          An application for a writ of habeas corpus by a person in custody under a

17  judgment of a state court can be granted only for violations of the Constitution or laws of the

18  United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the

19  interpretation or application of state law.  See Wilson v. Corcoran, 562 U.S.___, ___, 131 S. Ct.

20  13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146,

21  1149 (9th Cir. 2000).

22          Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal

23  habeas corpus relief:

24              An application for a writ of habeas corpus on behalf of a
            person in custody pursuant to the judgment of a State court shall
25          not be granted with respect to any claim that was adjudicated on
            the merits in State court proceedings unless the adjudication of the
26          claim -

3

1             (1) resulted in a decision that was contrary to, or involved
2  an unreasonable application of, clearly established Federal law, as
  determined by the Supreme Court of the United States; or

3             (2) resulted in a decision that was based on an unreasonable
4  determination of the facts in light of the evidence presented in the
  State court proceeding.

5          For purposes of applying § 2254(d)(1), "clearly established federal law" consists

6  of holdings of the United States Supreme Court at the time of the state court decision. Stanley v.

7  Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06

8  (2000)). Nonetheless, "circuit court precedent may be persuasive in determining what law is

9  clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at

10 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010).

11         A state court decision is "contrary to" clearly established federal law if it applies a

12 rule contradicting a holding of the Supreme Court or reaches a result different from Supreme

13 Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640

14 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may

15 grant the writ if the state court identifies the correct governing legal principle from the Supreme

16 Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[2]

17 Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360

18 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ

19 simply because that court concludes in its independent judgment that the relevant state-court

20 decision applied clearly established federal law erroneously or incorrectly. Rather, that

21 application must also be unreasonable." Williams, 529 U.S. at 412. See also Schriro v.

22 Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal

23 habeas court, in its independent review of the legal question, is left with a 'firm conviction' that

24 _____

25     [2] Under § 2254(d)(2), a state court decision based on a factual determination is not to be
overturned on factual grounds unless it is "objectively unreasonable in light of the evidence
26 presented in the state court proceeding." Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011)
(quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

1   the state court was 'erroneous.'").  "A state court's determination that a claim lacks merit

2   precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of

3   the state court's decision."  Harrington v. Richter, 562 U.S.___,___,131 S. Ct. 770, 786 (2011)

4   (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  Accordingly, "[a]s a condition for

5   obtaining habeas corpus from a federal court, a state prisoner must show that the state court's

6   ruling on the claim being presented in federal court was so lacking in justification that there was

7   an error well understood and comprehended in existing law beyond any possibility for fairminded

8   disagreement."  Harrington,131 S. Ct. at 786-87.

9           If the state court's decision does not meet the criteria set forth in § 2254(d), a

10  reviewing court must conduct a de novo review of a habeas petitioner's claims.  Delgadillo v.

11  Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th

12  Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because

13  of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by

14  considering de novo the constitutional issues raised.").

15          The court looks to the last reasoned state court decision as the basis for the state

16  court judgment.  Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir.

17  2004).  If the last reasoned state court decision adopts or substantially incorporates the reasoning

18  from a previous state court decision, this court may consider both decisions to ascertain the

19  reasoning of the last decision.  Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en

20  banc).  "When a federal claim has been presented to a state court and the state court has denied

21  relief, it may be presumed that the state court adjudicated the claim on the merits in the absence

22  of any indication or state-law procedural principles to the contrary."  Harrington, 131 S. Ct. at

23  784-85.  This presumption may be overcome by a showing "there is reason to think some other

24  explanation for the state court's decision is more likely."  Id. at 785 (citing Ylst v. Nunnemaker,

25  501 U.S. 797, 803 (1991)).  Where the state court reaches a decision on the merits but provides

26  no reasoning to support its conclusion, a federal habeas court independently reviews the record to

1   determine whether habeas corpus relief is available under § 2254(d).  Stanley, 633 F.3d at 860;

2   Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).   "Independent review of the record is

3   not de novo review of the constitutional issue, but rather, the only method by which we can

4   determine whether a silent state court decision is objectively unreasonable."  Himes, 336 F.3d at

5   853.  Where no reasoned decision is available, the habeas petitioner still has the burden of

6   "showing there was no reasonable basis for the state court to deny relief."  Harrington, 131 S. Ct.

7   at 784.

8        When it is clear, however, that a state court has not reached the merits of a

9   petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a

10  federal habeas court must review the claim de novo.  Stanley, 633 F.3d at 860; Reynoso v.

11  Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir.

12  2003).

13  III.  Scope of Review Applicable to Due Process Challenges to the Denial of Parole

14       The Due Process Clause of the Fourteenth Amendment prohibits state action that

15  deprives a person of life, liberty, or property without due process of law.  A litigant alleging a

16  due process violation must first demonstrate that he was deprived of a liberty or property interest

17  protected by the Due Process Clause and then show that the procedures attendant upon the

18  deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,

19  490 U.S. 454, 459-60 (1989).

20       A protected liberty interest may arise from either the Due Process Clause of the

21  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

22  expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,

23  221 (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States

24  Constitution does not, of its own force, create a protected liberty interest in a parole date, even

25  one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

26  Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

6

1 person to be conditionally released before the expiration of a valid sentence."). However, a

2 state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release

3 will be granted" when or unless certain designated findings are made, and thereby gives rise to a

4 constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

5     California's parole scheme gives rise to a liberty interest in parole protected by the

6 federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th

7 Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.

8 Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in

9 this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639

10 F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that

11 California law creates a liberty interest in parole.") In California, a prisoner is entitled to release

12 on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence,

13 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

14    In Swarthout, the Supreme Court reviewed two cases in which California

15 prisoners were denied parole - in one case by the Board, and in the other by the Governor after

16 the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that

17 when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment

18 requires fair procedures, "and federal courts will review the application of those constitutionally

19 required procedures." Id. at 862. The Court concluded that in the parole context, however, "the

20 procedures required are minimal" and that the "Constitution does not require more" than "an

21 opportunity to be heard" and being "provided a statement of the reasons why parole was denied."

22 Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit

23 decisions that went beyond these minimal procedural requirements and "reviewed the state

24 courts' decisions on the merits and concluded that they had unreasonably determined the facts in

25 light of the evidence." Swarthout, 131 S. Ct. at 862. In particular, the Supreme Court rejected

26 the application of the "some evidence" standard to parole decisions by the California courts as a

1   component of the federal due process standard.  Id. at 862-63.  See also Pearson, 639 F.3d at

2   1191.[3]

3   IV.  Petitioner's Claims

4        A.  Due Process

5            As noted above, petitioner seeks federal habeas relief on the grounds that the

6   Board's 2007 decision to deny him parole, and the findings upon which that denial was based,

7   were not supported by "some evidence" as required under California law.  However, under the

8   Supreme Court's decision in Swarthout this court may not review whether California's "some

9   evidence" standard was correctly applied in petitioner's case.  131 S. Ct. at 862-63; see also

10  Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011)

11  ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility

12  decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair

13  hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, 640

14  F.3d 1042, 1045-46 (9th Cir. 2011) (under the decision in Swarthout, California's parole scheme

15  creates no substantive due process rights and any procedural due process requirement is met as

16  long as the state provides an inmate seeking parole with an opportunity to be heard and a

17  statement of the reasons why parole was denied); Pearson, 639 F.3d at 1191 ("While the Court

18  did not define the minimum process required by the Due Process Clause for denial parole under

19  the California system, it made clear that the Clause's requirements were satisfied where the

20  inmates 'were allowed to speak at their parole hearings and to contest the evidence against them,

21  /////

22

23        [3]  In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four
24  years the Ninth Circuit had consistently held that in order to comport with due process a state
    parole board's decision to deny parole had to be supported by "some evidence," as defined in
25  Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability.  See Jancsek v.
    Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d
26  895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole
    rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

8

1   were afforded access to their records in advance, and were notified as to the reasons why parole

2   was denied.'")

3          The federal habeas petition pending before the court in this case reflects that

4   petitioner was represented by counsel at his 2007 parole suitability hearing.  (Doc. No. 12-1 at 4.)

5   The record also establishes that at that hearing petitioner was given the opportunity to be heard

6   and received a statement of the reasons why parole was denied by the Board panel.  (Id. at 4-

7   108.)  That is all the process that was due petitioner under the Constitution.  Swarthout, 131 S.

8   Ct. 862; see also Miller, 642 F.3d at 716; Roberts, 640 F.3d at 1045-46; Pearson, 639 F.3d at

9   1191.  It now plainly appears that petitioner is not entitled to relief with respect to his due process

10  claims.  Accordingly, the petition should be denied with respect to those claims.

11      B.  Equal Protection

12          Petitioner also argues that the Board's 2007 decision finding him unsuitable for

13  parole violated his right to equal protection of the laws because the Board failed to take into

14  consideration that he had been sexually abused by his victim.  Petitioner argues that the Board

15  would have properly considered this evidence if he were a woman.

16          A petitioner raising an equal protection claim in the parole context must

17  demonstrate that he was treated differently from other similarly situated prisoners and that the

18  Board lacked a rational basis for its decision.  McGinnis v. Royster, 410 U.S. 263, 269-70

19  (1973); McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir. 1991).  Petitioner has failed to allege

20  that the Board violated his equal protection rights by applying a different suitability standard to

21  him than to others similarly situated, including any inmate who may have been subject to sexual

22  abuse by his/her victim, or that any other inmate who was similarly situated to him was granted a

23  parole date.  Rather, petitioner's claim in this regard is vague, conclusory and unsupported by any

24  specific showing.  The state court decision rejecting this claim is not contrary to or an

25  unreasonable application of federal law.  Accordingly, petitioner is not entitled to federal habeas

26  relief in connection with his equal protection claim.

9

CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

DATED: January 10, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
wynn2728.hc

10